IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br><br>RONALD B. TALMAGE and ANNETTE C. TALMAGE,<br><br>                          Defendants; and<br><br>WESTERN LAND & LIVESTOCK, LLC, and WESTERN RESERVE MORTGAGE, LLC,<br><br>                          Defendants and<br>                          Counterclaim Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>                          Counterclaim Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [88] 56(d) MOTION**<br><br>Case No. 1:16-cv-00019<br><br>District Judge David Nuffer |

       The United States moves under Federal Rule of Civil Procedure 56(d) to defer decision on the motion for summary judgment.[1] Defendants Western Land & Livestock, LLC and

---

[1] United States' Motion to Deny or Defer Decision on Motion for Summary Judgment Under Fed. R. Civ. P. 56(d) (56(d) Motion), docket no. 88, filed February 2, 2017. Contrary to DUCivR 7-1(b)(1)(A), the government embedded the Fed. R. Civ. P. 56(d) motion in its response to the Motion for Summary Judgment. *See* United States' Response to Motion for Summary Judgment—Errata at 26, docket no. 78-1, filed January 17, 2017. In CM/ECF, the Western defendants styled their opposition to that embedded motion as a motion to strike. *See* Memorandum in Opposition to the Government's Rule 56(d) Motion (Opposition), docket no. 84, filed January 31, 2017. This will be treated as the Opposition. The government responded to the "motion to strike" in United States' Response to Motion to Strike Regarding Rule 56(d) Argument, docket no. 87, filed February 2, 2017. This will be treated as the Reply. Simultaneous to filing its Reply to the "motion to strike," the government filed this 56(d) Motion.

Western Reserve Mortgage, LLC (Western defendants) responded in opposition.[2] The government replied in support of its motion.[3]

## BACKGROUND

The United States seeks to reduce federal tax assessments to judgment and foreclose federal tax liens on certain real property.[4] Before much or any discovery had been done, the Western defendants brought a Motion for Summary Judgment.[5] The thrust of that motion is that the Western defendants are the rightful owners of the real property, that the Western defendants are not subject to the tax assessments, and that accordingly the United States "cannot extinguish the Western [defendants'] interest in the [real property] via the tax judgment."[6] The United States attempts to respond to the substance of the Western defendants arguments. And in the alternative, "if the Court is not inclined to deny the motion on its merits," filed this 56(d) Motion asking that the "United States have until thirty (30) days after the close of discovery to supplement the response."[7]

## DISCUSSION

Federal Rule of Civil Procedure 56(d) states that

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

---

[2] Memorandum in Opposition to the Government's Rule 56(d) Motion (Opposition), docket no. 84, filed January 31, 2017. This memorandum was docketed as a motion to strike though that designation does not appear in the title of the document and the word "strike" does not appear in the text of the document.

[3] United States' Response to Motion to Strike Regarding Rule 56(d) Argument, docket no. 87, filed February 2, 2017.

[4] Complaint, docket no. 2, filed February 18, 2016.

[5] Motion for Summary Judgment to Dismiss the Government's Foreclosure Claim, docket no. 64, filed December 19, 2016.

[6] Motion for Summary Judgment at 2.

[7] 56(d) Motion at 2.

"Unless dilatory or lacking in merit, [a Rule 56(d)] motion should be liberally treated."[8] "The general principle of Rule [56(d)] is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[9] Also, "[t]he movant's exclusive control of such information is a factor weighing heavily in favor of relief under Rule [56(d)]."[10]

"A prerequisite to granting relief pursuant to Rule [56(d)] is an affidavit furnished by the nonmovant."[11] Though the affidavit need not

> contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts [for which proof is] not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.[12]

The United States attached a declaration to its motion.[13] In that declaration, the attorney declares under penalty of perjury the following (divided into required averments):[14]

1. **"probable facts not available":**[15]

    o That Ronald Talmage, not John Wadsworth and/or the Western Entities, actually owns the Liberty Property;

---

[8] *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

[9] *Prince ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (internal quotation marks omitted) (punctuation normalized).

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Declaration of Jennifer Y. Golden in Support of United States' Response to Motion for Summary Judgment (Declaration), docket no. 88-1, filed February 2, 2017.

[14] Defendants add a fourth category of facts "why those facts cannot be presented currently"

[15] *Prince ex rel. Price*, 232 F.3d at 783 (internal quotation marks omitted) (punctuation normalized). This list is drawn from the Reply summary of the Declaration's probable facts. Reply at 3–4. Though each probable fact listed is supported by an averment in the Declaration, the better form would be to affirmatively list the probable facts instead of listing the facts stated in the motion for summary judgment and supporting declarations that will "be evaluated." Declaration ¶ 6. *See also* Declaration ¶ 12. Reciting these "probable facts" does not suggest they are essential or necessary to either party's claims.

- That Ronald Talmage owns Asia Pacific Partners, LLC, and therefore controls at least one of the Western Entities directly;
- That Ronald Talmage, via Heng Cheong Pacific Limited ("HCPL"), actually paid for the Liberty Property;
- That "Mrs. Chen" and HCPL are fronts for Ronald Talmage;
- That the alleged "lease" with "Mrs. Chen" is fictitious, and merely served as a way for Ronald Talmage to purchase and live in the Liberty Property while hiding it from his creditors;
- That the alleged "loans" by HCPL to Fortus Property Group, LLC to pay for the Liberty Property are similarly fictitious;
- That HCPL, as controlled by Ronald Talmage, reimbursed Fortus Property Group, LLC for the entire purchase price of the Liberty Property;
- That the Western Entities' structure is in reality an asset-hiding scheme for Ronald Talmage; and
- That Mr. Wadsworth's "business" is fictitious and in reality part of an assethiding scheme gone south.

2. **"why those facts cannot be presented currently":**[16]

    The government avers that these facts cannot be presented currently because discovery has not yet been completed.[17]

3. **"steps . . . taken to obtain these facts":**[18]

    The government has issued numerous subpoenas[19] and taken a limited-scope deposition of John Wadsworth, the principal of the Western defendants.[20]

4. **"how additional time will enable" the government to obtain probable facts "to rebut movant's allegations of no genuine issue of fact":**[21]

    Throughout the declaration,[22] the government avers that additional time will enable it to conduct discovery, which is necessary to obtain the probable facts.

---

[16] *Prince ex rel. Price*, 232 F.3d at 783 (internal quotation marks omitted) (punctuation normalized).

[17] Declaration ¶¶ 2–13.

[18] *Prince ex rel. Price*, 232 F.3d at 783 (internal quotation marks omitted) (punctuation normalized).

[19] Declaration ¶ 7.

[20] *Id.* ¶ 6.

[21] *Prince ex rel. Price*, 232 F.3d at 783 (internal quotation marks omitted) (punctuation normalized).

[22] *See, e.g.*, Declaration ¶ 6.

The Western defendants argue that the Motion seeks to conduct a "fishing expedition."[23] They argue that the United States "does *not* identify any 'probable facts not available,' which are necessary to respond to the Western Parties' summary judgment motion."[24] The Western defendants argue that the United States has had time to do this discovery "[p]rior to referring this case to the Department of Justice and initiating a foreclosure action."[25] The Western defendants argue that the United States does not satisfactorily "explain what steps have been taken to investigate claims prior to initiating this action."[26] And finally, the Western defendants argue that the United States makes "no effort to explain" how additional time will enable the government to obtain the probable facts.[27]

Though it is true that the United States' declaration suffered from poor drafting, it still satisfies the 10th Circuit's requirements. This case would benefit from discovery. Evidence must be developed on the central question of who owns the Liberty Property. Given that Rule 56(d) motions should be "liberally treated,"[28] especially when the "nonmoving party has not had the opportunity to discover information that is essential to [its] opposition,"[29] the United States' motion will be granted.

The extent of the discovery is one of the Western defendants' principal concerns. That can be resolved in the upcoming scheduling conference.[30] This order does not grant the United

---

[23] Opposition at 3.

[24] *Id.*

[25] *Id.* at 5.

[26] *Id.* at 6.

[27] *Id.*

[28] *Committee for First Amendment*, 962 F.2d at 1522.

[29] *Prince ex rel. Price*, 232 F.3d at 783 (internal quotation marks omitted) (punctuation normalized).

[30] *See* Amended Notice of Hearing on Motion, docket no. 94, entered February 10, 2017.

States indiscriminate license to conduct any discovery. The rules apply. And the magistrate judge may tailor discovery in a preliminary phase to an amount appropriate for issues on this motion, or the magistrate judge may determine that the economies of the case and the need to prevent repeated depositions of witnesses require that all discovery be completed before the supplemental briefing on the summary judgment motion is due.

## ORDER

IT IS HEREBY ORDERED that the United States' Motion to Deny or Defer Decision on Motion for Summary Judgment Under Fed. R. Civ. P. 56(d)[31] is GRANTED. The motion to strike (titled Memorandum in Opposition to The Government's Rule 56(d) Motion)[32] is DENIED.

Unless the magistrate judge orders otherwise, after the close of discovery, the Western defendants shall have 14 days to supplement the Motion for Summary Judgment. The United States shall then have 14 days to respond to the supplemented Motion for Summary Judgment. And the Western defendants shall then have 7 days to reply to the United States' response.

Signed March 6, 2017.

BY THE COURT

*[signature]*

District Judge David Nuffer

---

[31] Docket no. 88, filed February 2, 2017.

[32] Docket no. 84, filed January 31, 2017.