IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD B. TALMAGE, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING AND DENYING IN PART MOTION TO DISMISS**<br><br>Case No. 1:16-cv-00019-DN<br><br>District Judge David Nuffer |

Plaintiff United States of America filed a motion (the "Motion")[1] to dismiss the counterclaim[2] of Defendants Western Land & Livestock LLC and Western Reserve Mortgage LLC (collectively, the "Western Entities") for failure to state a claim upon which relief can be granted and failure to join a necessary party.[3] For the reasons stated below, the Motion[1] is granted in part and denied in part.

## BACKGROUND

The United States commenced this lawsuit to reduce to judgment federal tax assessments against Defendants Ronald B. Talmage and Annette C. Talmage and to foreclose federal tax liens against certain real property (the "Liberty Property") in which the Western Entities assert an

---

[1] United States' Motion to Dismiss Counterclaim ("Motion"), docket no. 67, filed December 21, 2016; *see* Memorandum in Opposition to the Government's Motion to Dismiss the Western Parties' Counterclaims ("Opposition"), docket no. 76, filed January 12, 2017; United States' Reply to Response to Motion to Dismiss Counterclaim ("Reply"), docket no. 80, filed January 25, 2017; Supplement to United States' Motion to Dismiss, docket no. 160, filed December 19, 2017.

[2] Western Defendants' Answer and Counterclaim ("Counterclaim"), docket no. 49, filed October 28, 2016.

[3] *See* FED. R. CIV. P. 12(b)(6) (failure to state claim); *id.* 12(b)(7) (failure to join party).

interest.[4] Unlike the Talmages, who failed to appear or defend themselves in this case,[5] the Western Entities filed a counterclaim, which asserts two causes of action against the United States.[6] The Western Entities' first cause of action seeks to quiet title to the Liberty Property as against the United States only.[7] And their second cause of action seeks civil damages from the United States for not releasing liens affecting the Liberty Property.[8]

## DISCUSSION

### The Western Entities' First Cause of Action

The United States argues that the Western Entities' first cause of action (quiet title) should be dismissed under Fed. R. Civ. P. 12(b)(7) because the Western Entities did not join Liu Hsiu Chen as a party.[9] A person generally must be joined as a party if:

(A)    in that person's absence, the court cannot accord complete relief among existing parties; or

(B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i)    as a practical matter impair or impede the person's ability to protect the interest; or

(ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[10]

---

[4] *See* Complaint to Reduce Federal Tax Assessments to Judgment and Foreclose Federal Tax Liens on Real Property, docket no. 2, filed February 18, 2016.

[5] Default Certificate, docket no. 25, entered July 18, 2016; Order Granting United States' Motion for Default Judgment Against Defendants Ronald B. Talmage and Annette C. Talmage, docket no. 38, entered August 26, 2016.

[6] Counterclaim, supra note 2, at 8-15.

[7] *Id.* ¶¶ 23-24.

[8] *Id.* ¶¶ 26-28.

[9] Motion, *supra* note 1, at 6-13.

[10] FED. R. CIV. P. 19(a)(1).

As the proponent of the Motion under rule 12(b)(7), the United States "has the burden of producing evidence showing the nature of the interest possessed by [Chen] and that the protection of that interest will be impaired by [her] absence."[11] Rather than satisfy this burden, the United States concedes that it has no evidence that Chen has an interest in the Liberty Property,[12] and admits that it "has no reason to believe that [Chen] can or would claim an independent interest in the Liberty Property, especially since she appears nowhere in the chain of title."[13]

Because the United States has failed to show that Chen is a necessary party to this litigation, the Motion will be denied as to the Western Entities' first cause of action.

## The Western Entities' Second Cause of Action

The United States argues that the Western Entities' second cause of action (failure to release liens) should be dismissed under Fed. R. Civ. P. 12(b)(6) because the Western Entities failed to exhaust administrative remedies.[14] In response, the Western Entities stipulate to the dismissal of their second cause of action "[b]ecause 26 U.S.C. § 7432 only applies to taxpayers and does not apply to third parties."[15] Based on this stipulation, the Western Entities' second cause of action will be dismissed.

The Western Entities' counterclaim includes a "prayer for relief," in which they ask "[f]or attorney fees and costs as may be authorized by statute, including without limitation 26 U.S.C.

---

[11] *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (citations omitted).

[12] Motion, *supra* note 1, at 12 & n.57.

[13] Reply, *supra* note 1, at 4.

[14] Motion, *supra* note 1, at 13-19.

[15] Opposition, *supra* note 1, at 2, 11.

§ 7430."[16] Despite their stipulation to dismiss their second cause of action, the Western Entities "reassert their right to pursue attorney fees and costs against the [United States] pursuant to 26 U.S.C. § 7430."[17] Because the Western Entities' request for fees and costs is not, as pleaded, exclusively tied to their second cause of action, the Motion will be denied as to that request at the present time.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[18] is GRANTED in part and DENIED in part as follows:

1.    The Motion[18] is DENIED as to the first cause of action (quiet title) of the Western Entities' counterclaim.[19]

2.    The Motion[18] is GRANTED as to the second cause of action (failure to release liens) of the Western Entities' counterclaim.[19]

3.    The Motion[18] is DENIED as to the request for attorneys' fees and costs in the "prayer for relief" of the Western Entities' counterclaim.[19]

IT IS FURTHER HEREBY ORDERED that the second cause of action (failure to release liens) of the Western Entities' counterclaim[19] is DISMISSED with prejudice.

Signed December 13, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[16] Counterclaim, *supra* note 2, at 15.

[17] Opposition, *supra* note 1, at 2, 11.

[18] Docket no. 67, filed December 21, 2016.

[19] Docket no. 49, filed October 28, 2016.