IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD B. TALMAGE, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND COMPLAINT**<br><br>Case No. 1:16-cv-00019-DN<br><br>District Judge David Nuffer |

Plaintiff United States of America filed a motion (the "Motion")[1] to amend its complaint[2] to add a new cause of action against two new parties. For the reasons stated below, the Motion[1] is DENIED.

## BACKGROUND

On February 18, 2016, the United States commenced this lawsuit asserting two causes of action.[2] The United States' first cause of action seeks to reduce to judgment federal tax assessments against Defendants Ronald B. Talmage and Annette C. Talmage.[3] The United States' second cause of action seeks to foreclose federal tax liens against certain real property (the

---

[1] United States' Motion to Amend Complaint ("Motion"), docket no. 163, filed July 18, 2018; *see* Opposition to Plaintiff's Motion to Amend Complaint ("Opposition"), docket no. 168, filed August 15, 2018; Reply in Support of United States' Motion to Amend Complaint ("Reply"), docket no. 170, filed August 29, 2018; Evidentiary Objection to Plaintiff's Exhibit 1 to Reply Memorandum, docket no. 171, filed August 31, 2018; United States' Response to Evidentiary Objection to Plaintiff's Exhibit 1 to Reply Memorandum, docket no. 172, filed September 7, 2018.

[2] Complaint to Reduce Federal Tax Assessments to Judgment and Foreclose Federal Tax Liens on Real Property ("Complaint"), docket no. 2, filed February 18, 2016.

[3] *Id.* ¶¶ 90-94.

"Liberty Property") in which Defendants Western Land & Livestock LLC and Western Reserve Mortgage LLC (collectively, the "Western Entities") assert an interest.[4]

The Talmages failed to appear or defend themselves in this case, and a default judgment was entered against them on August 26, 2016, in the principal amount of $10,813,740.19.[5] As a result, "the only remaining claim in the Complaint is whether the United States may foreclose the Liberty Property under 26 U.S.C. § 7403 to satisfy the Talmages' tax debts."[6] Also remaining is the first cause of action of the Western Entities' counterclaim, which seeks to quiet title to the Liberty Property as against the United States.[7] The Western Entities' second cause of action, which sought civil damages from the United States for not releasing liens affecting the Liberty Property, was recently dismissed.[8]

On July 18, 2018, after approximately two years of extended and expansive discovery,[9] the United States filed the instant Motion seeking leave to add a cause of action to foreclose on various promissory notes held by two newly proposed parties, Heng Cheong Pacific Limited ("HCPL") and New Century Properties Limited ("NCPL"). If amendment is not allowed, the

---

[4] *Id.* ¶¶ 95-107.

[5] Default Certificate, docket no. 25, entered July 18, 2016; Order Granting United States' Motion for Default Judgment Against Defendants Ronald B. Talmage and Annette C. Talmage ("Default Judgment"), docket no. 38, entered August 26, 2016.

[6] Attorney's Planning Meeting Report ("APR"), docket no. 65, filed December 20, 2016.

[7] Western Defendants' Answer and Counterclaim ¶¶ 23-24 ("Counterclaim"), docket no. 49, filed October 28, 2016.

[8] *Id.* ¶¶ 26-28; *see* Memorandum Decision and Order Granting and Denying in Part Motion to Dismiss, at 3-4, docket no. 203, entered December 13, 2018.

[9] *See* Motion for Leave to Supplement and Renew Summary Judgment Motion, at 4-9, docket no. 145, filed October 20, 2017 (summarizing discovery performed as of that time); *see also* United States' Response to Motion for Leave to Supplement and Renew Summary Judgment Motion, docket no. 161, filed under seal October 23, 2017 (acknowledging that "[t]he United States' discovery efforts have . . . been expansive").

United States acknowledges that it can simply file a separate "lawsuit against HCPL and NCPL to obtain the . . . same relief."[10]

The cutoff date for filing a motion to amend the pleadings or to join additional parties was March 8, 2017.[11]

## DISCUSSION

Leave to amend pleadings should be given freely "when justice so requires."[12] In making this determination, courts enjoy broad discretion.[13] Reasons for denying amendment include, but are not limited to, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[14] Because the United States' proposed amendment is both unduly prejudicial and untimely, justice does not require that it be allowed.

**The United States' proposed amendment is unduly prejudicial.**

The United States' proposed amendment is prejudicial because it concerns "a subject matter different from what was set forth in the complaint and raise[s] significant new factual issues."[15] While the subject of the complaint is the Western Entities' interest in the Liberty Property, the proposed amendment concerns—and raises significant new factual issues regarding—HCPL's and NCPL's interests in various promissory notes. The amendment does not

---

[10] Reply, *supra* note 1, at 8.

[11] APR, *supra* note 6, at 9.

[12] FED. R. CIV. P. 15(a)(2).

[13] *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).

[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[15] *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006).

seek to add new claims against the Western Entities. Instead, it seeks to bring an entirely separate claim against two new parties—which, if allowed, would substantially complicate this proceeding, thwart the discovery schedule, add a year or more to the duration of this case, require the parties to backtrack and redo work already completed, and thereby unduly prejudice the Western Entities.[16]

### The United States' proposed amendment is untimely.

Although "[l]ateness does not of itself justify the denial of [an] amendment,"[17] "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay."[18]

The United States' sole explanation for its delay is that its "proposed amended complaint is the result of information . . . gathered in discovery and expert analysis."[19] While that may true, it is also true that the United States possessed this information for more than a year before it filed the Motion.[20] Indeed, the United States was aware of the Talmages' involvement with NCPL before commencing this lawsuit.[21] Under these circumstances, the United States' explanation for its delay is inadequate.

---

[16] *See R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 752 (10th Cir. 1975) (the addition of a new claim or party may result in prejudice to the nonmoving party by complicating the proceeding); *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 791 (7th Cir. 2011) (upholding denial of motion to amend because adding new claims and parties would have thwarted the discovery schedule, added a year to the case, and required the parties to backtrack); *see also* Memorandum Decision and Order, at 6, docket no. 115, entered March 17, 2017 ("This is not a case about a $20 million tax default judgment. Rather, this case is about a single parcel of property and whether the government can demonstrate that the Western Entities are the nominees, alter egos, or fraudulent transferees of the Talmages."[16]).

[17] *R.E.B.*, 525 F.2d at 751.

[18] *Minter*, 451 F.3d at 1206 (citation and internal quotation marks omitted).

[19] Reply, *supra* note 1, at 10-11.

[20] *See* Deposition of John Wadsworth, docket no. 163-2, filed July 18, 2018.

[21] *See* Complaint, *supra* note 2, ¶¶ 18-22, 25-26; *Talmage v. Comm'r*, 95 T.C.M. (CCH) 1122 (2008).

## ORDER

Because the United States' proposed amendment is both unduly prejudicial and untimely,

IT IS HEREBY ORDERED that the Motion[22] is DENIED.

Signed December 28, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[22] Docket no. 163, filed July 18, 2018.