IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD B. TALMAGE, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXCLUDE TESTIMONY OR LIMIT TESTIMONY OF GARY D. OLSEN**<br><br>Case No. 1:16-cv-00019-DN<br><br>District Judge David Nuffer |

Defendants Western Land & Livestock LLC and Western Reserve Mortgage LLC (collectively, the "Western Entities") filed a motion (the "Motion")[1] to exclude or limit the testimony of Gary D. Olsen, a retained expert witness for Plaintiff United States of America, based on Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[2] Because Olsen's opinions are within the reasonable confines of his expertise and are also sufficiently reliable and relevant, the Motion is DENIED.

## BACKGROUND

This action concerns a dispute between the Western Entities and the United States regarding the ownership of certain real property, referred to as the "Liberty Property," on which the United States seeks to foreclose to satisfy the tax obligations of Defendants Ronald B.

---

[1] Motion to Exclude or Limit Testimony of Gary Olsen ("Motion"), docket no. 205, filed December 28, 2018.

[2] 509 U.S. 579 (1993). The Western Entities also seek to exclude Olsen's testimony under Fed. R. Evid. 403, which reads: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Western Entities' reliance on rule 403 appears to be limited to the assertion that Olsen's testimony is "misleading." *See* Motion, *supra* note 1, at 2, 5-6, 8, 11. They do not contend, however, that it presents any danger of misleading *the jury*. And rightly so, as there will be no jury in the trial of this case. *See* Minute Order, docket no. 235, filed March 21, 2019. Accordingly, the Western Entities' objection to Olsen's testimony on this basis is hereby OVERRULED.

Talmage and Annette C. Talmage.[3] In anticipation of trial, the United States retained Olsen, a licensed CPA and forensic accountant, to provide expert testimony related to the nature of the Western Entities' interest in the Liberty Property and associated transactions.[4] Based on the evidence he has reviewed, Olsen is of the opinion that: (1) the Western Entities and their principal, John Wadsworth, "have not paid anything related to the Liberty Property on a net basis";[5] (2) Wadsworth received far more from entities associated with the Talmages than he paid to them;[6] and (3) it cannot be concluded that certain payments "were part of an overall Ponzi scheme allegedly perpetrated by Mr. Talmage."[7]

The Western Entities seek to exclude each of these three opinions.

## DISCUSSION

Rule 702 of the Federal Rules of Evidence establishes the standard for the admissibility of expert testimony.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[8]

---

[3] *See* Memorandum Decision and Order Denying Motion to Amend Complaint, at 1-2, docket no. 209, filed December 28, 2018.

[4] *See* Second Supplemental Expert Report of Gary D. Olsen ¶¶ 1-8, docket no. 207-1, filed under seal December 28, 2018.

[5] *Id.* ¶¶ 3-12.

[6] *Id.* § VI(B)(1).

[7] Rebuttal Expert Report of Gary D. Olsen ¶¶ 4, 19, docket no. 207-2, filed under seal December 28, 2018.

[8] Fed. R. Evid. 702.

It is the responsibility of "the trial judge [to] ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[9] District courts are given "broad latitude" in deciding "how to determine reliability" and in making the "ultimate reliability determination."[10] However, exclusion of expert testimony is the exception rather than the rule.[11] Often the most appropriate way to attack shaky-but-admissible evidence is through vigorous cross-examination and the presentation of contrary evidence.[12]

Determination of the admissibility of expert testimony involves a three-step process. First, determine whether the expert is qualified.[13] Second, determine whether the expert's opinion is reliable based on an assessment of its underlying reasoning and methodology.[14] And, third, determine whether the subject of the opinion is relevant.[15]

### Olsen qualifies as an expert.

The Western Entities only challenge Olsen's qualifications as an expert with respect to his third opinion, which is that it cannot be concluded, based on available evidence, that certain payments were part of an overall Ponzi scheme. The Western Entities contend that Olsen is not qualified to give this opinion because he "is not a certified fraud examiner and has never performed a Ponzi examination."[16]

---

[9] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

[10] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999) (citation omitted).

[11] FED. R. EVID. 702 advisory committee's note to 2000 amendments.

[12] *See Daubert*, 509 U.S. at 596.

[13] *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

[14] *Id.*

[15] *See Daubert*, 509 U.S. at 591.

[16] Motion, *supra* note 1, at 11.

To qualify as an expert, a witness must have "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in search for truth."[17] "[A]s long as an expert stays within the reasonable confines of his subject area . . . a lack of specialization does not affect the admissibility of [the expert] opinion, but only its weight."[18] Thus, "the dispositive question" is whether an issue is "within the reasonable confines" of the expert's subject area.[19]

"A Ponzi scheme is a fraudulent investment scheme in which 'profits' to investors are not created by the success of the underlying business venture but instead are derived from the capital contributions of subsequently attracted investors."[20] Based on his review of the evidence, it is Olsen's opinion that it cannot be concluded that certain payments "are new rounds of investor payments used to pay off prior rounds of investment"[21] or that those payments were in fact so used.[22] Because tracking funds is within the reasonable confines of Olsen's expertise as a forensic accountant and CPA, he is qualified as an expert to offer an opinion regarding whether the payments at issue were involved in a Ponzi scheme. Accordingly, his testimony will not be excluded on this basis.

---

[17] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004) (citation and internal quotation marks omitted).

[18] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (citation and internal quotation marks omitted).

[19] *Id.*

[20] *Sender v. Simon*, 84 F.3d 1299, 1301 n.1 (10th Cir. 1996) (citations omitted).

[21] Rebuttal Expert Report of Gary D. Olsen, *supra* note 7, ¶ 12.

[22] *Id.* ¶ 13.

### Olsen's opinions are sufficiently reliable.

The Western Entities argue that Olsen's first two opinions, regarding the calculation of various payments, are unreliable because he excluded certain data and interpreted specific evidence differently than the Western Entities. But the Western Entities do not challenge the reliability of the principles or methods on which Olsen's testimony is based. They also do not challenge the reliability of Olsen's application of these principles and methods to the facts. Rather, they challenge his interpretation of certain facts. This challenge goes to the weight that should be afforded Olsen's testimony, not its admissibility.[23] Olsen can be tested on cross-examination, and the trier of fact can decide whether his interpretations and assumptions are reasonable or if the Western Entities' are more reasonable.[24] Thus, his opinions will not be excluded on this basis.

### Olsen's opinions are relevant.

The Western Entities only challenge the relevancy of Olsen's second opinion, which is that Wadsworth received far more from entities associated with the Talmages than he paid to those entities. The Western Entities believe that this opinion is "unhelpful because it does not . . . show that [Ronald] Talmage acquired a right in the Liberty Property."[25] But the relevance of Olsen's opinion is not dependent on this single issue. Rather, its relevance depends on whether it "will help the trier of fact to understand the evidence or to determine [any] fact in issue."[26]

---

[23] *See McDonald v. N. Am. Specialty Ins. Co.*, 224 Fed. Appx. 761, 767 (10th Cir. 2007) (listing cases).

[24] *See Hark'n Techs., Inc. v. Crossover Symmetry*, No. 1:10-cv-81-TS, 2013 WL 653964, *3 (D. Utah Feb. 21, 2013).

[25] Motion, *supra* note 1, at 2, 10.

[26] FED. R. EVID. 702; *see id.* 401 ("Evidence is relevant if: (a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

Because Olsen's second opinion will help the trier of fact (i.e., the court) understand the many complicated transactions at issue in this case related to the parties' respective interests in the Liberty Property, Olsen's opinion is relevant and will not be excluded on this basis.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[27] is DENIED.

Signed April 24, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[27] Docket no. 205, filed December 28, 2018.