IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD B. TALMAGE, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 1:16-cv-00019-DN<br><br>District Judge David Nuffer |

Defendants Western Land & Livestock LLC and Western Reserve Mortgage LLC (collectively, the "Western Entities") filed a motion for partial summary judgment (the "Motion")[1] against Plaintiff United States of America regarding the source and nature of certain funds and related transactions. Because there are genuine issues of material fact, the Motion is DENIED.

## BACKGROUND

This action concerns a dispute between the Western Entities and the United States regarding the ownership of certain real property, referred to as the "Liberty Property," on which the United States seeks to foreclose to satisfy liens arising from the tax obligations of Defendants

---

[1] Motion for Partial Summary Judgment re: Talmage Ponzi Scheme ("Motion"), docket no. 176, filed September 24, 2018; *see* United States' Response to Motion for Partial Summary Judgment re: Talmage Ponzi Scheme ("Response"), docket no. 192, filed November 9, 2018; Sealed Exhibits to United States' Response to Motion for Partial Summary Judgment re: Talmage Ponzi Scheme, docket no. 196, filed under seal November 16, 2018; Reply Memorandum in Support of Motion for Partial Summary Judgment re: Talmage Ponzi Scheme ("Reply"), docket no. 199, filed November 23, 2018; United States' Response to Evidentiary Objections in Partial Summary Judgment Reply Brief, docket no. 227, filed February 21, 2019. "A memorandum in opposition to a motion for summary judgment must include . . . [a] restatement of each fact the opposing party contends is genuinely disputed or immaterial." DUCivR 56-1(c)(3). The Response does not comply with this requirement. Moreover, "a reply brief cannot exceed . . . twenty (20) pages." *Id.* 56-1(g)(1). The Reply does not comply with this requirement. The parties are instructed to comply with all applicable rules in relation to future filings.

elm

Ronald B. Talmage and Annette C. Talmage.[2] Although title to the Liberty Property is recorded in the name of one of the Western Entities,[3] the United States believes this is a nominal arrangement intended to mask the Talmages' interests in the Liberty Property.[4]

Funds that the Western Entities used to purchase the Liberty Property came, at least in part, from entities affiliated with the Talmages.[5] The Western Entities deny that any of these funds ever belonged to the Talmages.[6] According to the Western Entities, "all monies at issue in this case" belong to "investor victims" whom Ronald Talmage defrauded as part of a Ponzi scheme.[7] Among these victims, the Western Entities include themselves.[8] As a result, it is the Western Entities' position that the United States cannot foreclose on the Liberty Property, as no funds associated with the Liberty Property ever really belonged to the Talmages, and the United States' tax lien could only attach to property that belongs to the Talmages.[9]

---

[2] *See* Memorandum Decision and Order Denying Motion to Amend Complaint, at 1-2, docket no. 209, filed December 28, 2018. The Talmages failed to appear or defend themselves in this case, and a default judgment was entered against them on August 26, 2016, in the principal amount of $10,813,740.19. *See* Default Certificate, docket no. 25, filed July 18, 2016; Order Granting United States' Motion for Default Judgment Against Defendants Ronald B. Talmage and Annette C. Talmage, docket no. 38, filed August 26, 2016.

[3] *See* Complaint ¶¶ 85-86, docket no. 2, filed February 18, 2016; Counterclaim for Quiet Title ¶¶ 5-13, docket no. 49, filed October 28, 2016.

[4] *See* Complaint, *supra* note 3, ¶¶ 77-80, 85-89.

[5] *See* Motion, *supra* note 1, ¶¶ 1-5, at 4-5; Response, *supra* note 1, at 2; *see also* Reply, *supra* note 1, at 10, 12-13 (disputing that "all the money for the Liberty Property" came from the Talmages or affiliated entities).

[6] Motion, *supra* note 1, at 1-4.

[7] *Id.* "A Ponzi scheme is a fraudulent investment scheme in which 'profits' to investors are not created by the success of the underlying business venture but instead are derived from the capital contributions of subsequently attracted investors." *Sender v. Simon*, 84 F.3d 1299, 1301 n.1 (10th Cir. 1996) (citations omitted).

[8] Motion, *supra* note 1, at 3.

[9] *See id.* at 8-10.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] A dispute is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[11] A fact is "material" if "it is essential to the proper disposition of [a] claim."[12] In ruling on a motion for summary judgment, the evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party.[13]

With this Motion, the Western Entities seek an order declaring as a matter of law "that all monies at issue in this case . . . were obtained and utilized by [Ronald Talmage] as part of a Ponzi scheme," and that Ronald Talmage "has no right or interest in any of those funds."[14] But when the evidence and all reasonable inferences are viewed in the light most favorable to the United States, it is apparent that there are several genuine disputes as to material fact—any one of which is sufficient to defeat this Motion. For example, there is a genuine dispute regarding the nature and significance of transactions related to the Liberty Property. There is a genuine dispute regarding the nature and extent of the Western Entities' relationship, dealings, and involvement with the Talmages and affiliated entities. And there is a genuine dispute regarding the nature and source of the funds involved in these transactions and dealings.[15]

---

[10] FED R. CIV. P. 56(a).

[11] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[12] *Id.*

[13] *Id.*

[14] Motion, *supra* note 1, at 2.

[15] *See, e.g.*, Memorandum Decision and Order Denying Motion to Exclude Testimony or Limit Testimony of Gary D. Olsen, docket no. 240, filed April 24, 2019 (evidencing some of these disputed issues).

Although the Western Entities note that a state court judge in a separate proceeding "has already found that Mr. Talmage perpetrated a Ponzi scheme,"[16] that finding is irrelevant for purposes of this Motion. For issue preclusion to apply, the party against whom collateral estoppel is invoked (i.e., the United States) must have been a party, or in privity with a party, to the prior adjudication.[17] It is undisputed that the United States was not a party to the state court case.[18] Thus, collateral estoppel cannot be invoked against the United States here. Besides, the state court did not find that the funds used to purchase the Liberty Property came from a Ponzi scheme.[19]

Because a genuine dispute exists as to a material fact, the Western Entities are not entitled to a judgment as a matter of law, and the Motion must be denied.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[20] is DENIED.

Signed April 24, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[16] *Id.* ¶ 10, at 7.

[17] *Park Lake Res. Ltd., v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004); *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 37, 16 P.3d 1214.

[18] *See* Response, *supra* note 1, at 13, 35-37; Reply, *supra* note 1, at 21; *see also* Judgment ("Judgment 1"), docket no. 176-7, filed September 24, 2018; Judgment ("Judgment 2"), docket no. 176-8, filed September 24, 2018.

[19] *See* Judgment 1, *supra* note 18; Judgment 2, *supra* note 18.

[20] Docket no. 176, filed September 24, 2018.