IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD B. TALMAGE, and ANNETTE C. TALMAGE,<br><br>    Defendants; and<br><br>WESTERN LAND & LIVESTOCK, LLC, and WESTERN RESERVE MORTGAGE, LLC<br><br>    Defendants and Counterclaim Plaintiffs;<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Counterclaim Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO ALTER AND/OR AMEND FINDINGS OF FACT AND CONCLUSION OF LAW**<br><br>Case No. 1:16-cv-00019-DN-PMW<br><br>District Judge David Nuffer |

Defendants Western Land & Livestock, LLC and Western Reserve Mortgage, LLC (collectively, the "Western Entities") seek to alter or amend the Findings of Fact and Conclusions of Law ("FFCL") entered on September 19, 2019.[1] The Western Entities' arguments lack merit and have previously been rejected. Therefore, the Western Entities' Motion to Amend the FFCL[2] is DENIED.

---

[1] Western Entities' Motion to Alter and/or Amend Findings of Fact and Conclusions of Law ("Motion to Amend the FFCL"), docket no. 327, filed Oct. 15, 2019.

[2] *Id*.

**DISCUSSION**

The Western Entities argue the FFCL violate the rule against prolixity, and should be amended to recite only the ultimate facts necessary to grant the determined relief.[3] Specifically, the Western Entities argue the FFCL are repetitive, should be limited to only the actual parties to the case, and be based on the actual facts proven at trial.[4]

The Western Entities' arguments have previously been raised and rejected as part of the procedure for drafting the FFCL.[5] Prior to trial, the parties were directed to submit proposed findings of fact and conclusions of law.[6] The parties did so.[7] At the trial's conclusion, preliminary findings and conclusion were entered orally on the record.[8] Later, draft findings and conclusions were provided to the parties with instructions for revising.[9]

In responding to the draft findings and conclusions, the Western Entities proposed revisions and corrections, and raised objections.[10] The Western Entities now raise the same

---

[3] *Id*. at 3-6.

[4] *Id*. at 5-10.

[5] Many of the Western Entities' arguments were also raised by John Wadsworth in a motion to intervene. Motion by John Wadsworth to Intervene as Party, Motion for Extension of Time to Object to and/or Edit or Redline Findings of Fact and Conclusions of Law, and Motion for Stay of Issuance of Findings of Fact and Conclusions of Law, docket no. 299, filed July 31, 2019. Mr. Wadsworth's arguments were likewise rejected. Docket Text Order Denying Motion to Intervene, docket no. 300, filed Aug. 1, 2019.

[6] Trial Order ¶ 8 at 5.

[7] United States' Proposed Findings of Fact and Conclusions of Law, docket no. 273, filed June 13, 2019; [Proposed] Findings of Fact, Conclusions of Law, and Order, docket no. 274, filed June 13, 2019.

[8] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 292, filed June 28, 2019; Trial Transcript (June 28, 2019) at 1580:24-1585:20, docket no. 314, filed Aug. 23, 2019.

[9] Notice of Instructions to Counsel and Draft Findings of Fact and Conclusions of Law, docket no. 294, filed July 8, 2019.

[10] Western Parties' Redline of United States' Edit to Draft Findings of Fact and Conclusions of Law, docket no. 319, filed Sept. 6, 2019; Western Entities' Additional Corrections to Draft Findings of Fact and Conclusions of Law, docket no. 319-2, filed Sept. 6, 2019; Western Entities' Proposed Alternative Redline of United States' Edit to Draft Findings of Fact and Conclusions of Law, docket no. 320, filed Sept. 6, 2019.

issues and arguments in their Motion to Amend the FFCL. These arguments were implicitly rejected with the entry of the FFLC.[11] They are now expressly rejected.

The FFCL includes many of the government's proposed findings and conclusions because the government succeeded on its claims and defenses. But the findings and conclusions of the FFCL are the court's own determinations.

The FFCL are lengthy. But this is because the case's complexity and the substantial amount of evidence presented. A seven-day bench trial was held at which 19 witnesses (including three experts) provided live testimony, five witnesses testified through deposition, and 200 exhibits were admitted in evidence. The disputed issues involved an attempt to conceal assets through fraudulent means. Resolving these issues required consideration of evidence relating to the conduct, interactions, and transactions of numerous individuals and entities over a several year timeframe. The FFCL contain background and subsidiary factual findings necessary to understand the findings and conclusions on the disputed issues.[12] These factual findings give context and support for the ultimate findings and conclusions in the case.

Among the FFCL's necessary factual findings are facts relating to the conduct, business practices, and credibility of John Wadsworth.[13] Mr. Wadsworth is not a party to this action. But he controls the Western Entities. And his relationship with Ronald B Talmage, and his actions and directives in managing the Western Entities were a focal point of the government and the Western Entities' claims and defenses. He was the Western Entities' primary fact witness, and his testimony spanned three of the seven days of trial. The FFCL's factual findings relating to

---

[11] Docket no. 324, filed Sept. 19, 2019.

[12] *Id*. at 1-58.

[13] *Id*. at 38-58.

Mr. Wadworth are important and necessary to the ultimate findings and conclusions on the disputed issues in the case.

Finally, the Western Entities mischaracterize the FFCL as containing speculation.[14] In context, the challenged language relates to credibility determinations, burdens of proof, and alternative theories of relief and defense argued by the parties. The FFCL contain and represent the facts proven at trial, and those necessary for the resolution of the disputed issues in the case. Therefore, the Western Entities' Motion to Amend the FFCL lacks merit.

## ORDER

IT IS HEREBY ORDERED that the Western Entities' Motion to Amend the FFCL[15] is DENIED.

Signed December 2, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[14] Motion to Amend the FFCL at 5-6.

[15] Docket no. 327, filed Oct. 15, 2019.